UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| | |
|---|---|
| STATE OF SOUTH DAKOTA, Plaintiff, vs. FRANKLIN SANDOVAL NELSON, Defendant. | 1:25-CR-10026-CBK ORDER |

Plaintiff filed a *pro se* notice of removal, contending that he is removing a case from the Fifth Judicial Circuit, Roberts County, case 54CRI25-000234. I take judicial notice of the records of the South Dakota Unified Judicial System available on the ecourts database, https://ecourts.sd.gov. The case plaintiff is attempting to remove is a pending criminal case against plaintiff where he was charged by ticket and thereafter by criminal complaint and information with driving under the influence and open container, both allegedly occurring on May 1, 2025. That case is set for jury trial on September 12, 2025.

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." Gunn v. Minton, 568 U.S. 251, 256, 133 S. Ct. 1059, 1064, 185 L. Ed. 2d 72 (2013) (internal quotations omitted) (*quoting* Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994)). "The threshold inquiry in every federal case is whether the court has jurisdiction" and the Eighth Circuit has "admonished district judges to be attentive to a satisfaction of jurisdictional requirements in all cases." Rock Island Millwork Co. v. Hedges-Gough Lumber Co., 337 F.2d 24, 26-27 (8th Cir. 1964), and Sanders v. Clemco Industries, 823 F.2d 214, 216 (8th Cir. 1987). As a threshold matter, the district court must determine whether federal subject matter jurisdiction exists and this Court may raise

such issue *sua sponte*. Auto-Owners Inc. Co. v. Tribal Court of Spirit Lake Indian Reservation, 495 F.3d 1017, 1020 (8th Cir. 2007).

This Court presumes that a cause of action lies outside the district court's limited jurisdiction and plaintiff bears the burden of establishing that jurisdiction does exist. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). Even *pro se* plaintiffs must comply with procedural rules and sufficiently allege a basis for federal jurisdiction. McNeil v. United States, 508 U.S. 106, 113, 113 S. Ct. 1980, 1984, 124 L. Ed. 2d 21 (1993).

Removal of state court criminal actions to federal court is authorized under 28 U.S.C. § 1442(a). Section 1442(a) "is a pure jurisdictional statute, seeking to do nothing more than grant district court jurisdiction over cases in which a federal officer is a defendant." Mesa v. California, 489 U.S. 121, 136, 109 S. Ct. 959, 968, 103 L. Ed. 2d 99 (1989).

> [U]nder our federal system, it goes without saying that preventing and dealing with crime is much more the business of the States than it is of the Federal Government. Because the regulation of crime is pre-eminently a matter for the States, we have identified a strong judicial policy against federal interference with state criminal proceedings.

Mesa v. California, 489 U.S. at 138, 109 S. Ct. at 969 (*quoting* Arizona v. Manypenny, 451 U.S. 232, 243, 101 S.Ct. 1657, 1665, 68 L.Ed.2d 58 (1981)).

Removal of state court criminal proceedings under § 1442(a) is authorized when:

(1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

(2) A property holder whose title is derived from any such officer, where such action or prosecution affects the validity of any law of the United States.

(3) Any officer of the courts of the United States, for or relating to any act under color of office or in the performance of his duties;

2

(4) Any officer of either House of Congress, for or relating to any act in the discharge of his official duty under an order of such House.

A person seeking removal of a state court criminal action must sufficiently allege a basis for federal jurisdiction by demonstrating that he is a person within the meaning of § 1442(a). Plaintiff has failed to do so. He has not alleged that he is a federal officer who is being prosecuted in state court for an action committed under color of his office or in the performance of his duties.

I find that plaintiff has failed to allege facts authorizing the removal of the pending criminal proceedings pending against him in state court.

Plaintiff has also filed an application to proceed *in forma pauperis* without the payment of the filing fee. 28 U.S.C. § 1915(a)(1) authorizes district courts to allow civil litigants to commence suit without the prepayment of the filing fee. However, other than in criminal cases, "[a]n *in forma pauperis* litigant's access to the courts is a matter of privilege, not of right, and should not be used to abuse the process of the courts." Williams v. McKenzie, 834 F.2d 152, 154 (8th Cir. 1987). Plaintiff's notice of removal is frivolous and was filed without jurisdiction.

Now, therefore,

IT IS ORDERED:

1. Plaintiff's motion to proceed *in forma pauperis*, Doc. 2, is denied.

2. Plaintiff's purported notice of removal was filed in contravention of the federal removal statutes. This case is, *sua sponte*, remanded to the Circuit Court for the Fifth Judicial Circuit, Roberts County, South Dakota.

DATED this 17th day of July, 2025.

BY THE COURT:

*[signature]*
CHARLES B. KORNMANN
United States District Judge